**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA , <br> Plaintiff, <br><br> V. <br><br> ERICK ROMAN <br><br> Defendant. | Action No. AW-09-0598 |

## MEMORANDUM OPINION

This Memorandum Opinion sets forth, and supplements the findings, conclusions, and oral determinations made by the Court at the February 14th, 2011 sentencing hearing.

**I**

As the parties are aware, in sentencing a defendant per *United States v. Booker*, 543 U.S. 220 (2005), the District Court must: (1) make the appropriate findings of fact (ruling on the objections and issues in dispute), then determine the guideline range as recommended by the sentencing guidelines; (2) determine whether a sentence within that range and within the statutory limits serves the factors set forth in 18 U.S.C. section 3553 (a) and, if not, select a sentence that does serve those factors; (3) implement any applicable mandatory statutory limitations; and (4) articulate the reasons for selecting the particular sentence, especially explaining/articulating why a sentence outside the Sentencing Guideline range (particularly explaining any departure or variance) better serves the relevant sentencing purposes set forth in 3553(a). The Court need not discuss each factor set forth in 3553 (a) in a checklist fashion as it is enough to calculate the range accurately and explain why (if the sentence lies outside of it) the particular defendant deserves more or less.

Under 18 USC §3553 (a), the district court must ensure that the sentence it imposes fulfills the congressionally established objectives for sentencing, including: (1) Punishing the defendant in light of the seriousness of the offense so as promoting respect for the law and providing just punishment for the offense; (2) affording adequate deterrence (to deter both the defendant and others) from criminal conduct; (3) incapacitating the defendant and thus protecting the public from further criminal activity of the defendant; and (4) rehabilitating the defendant with needed educational or vocational training, medical care, or other correctional treatment; and (5) providing restitution to victims and avoiding unwarranted sentencing disparities.

## II

Preliminarily, the Court adopts the findings and conclusions set forth in the Presentence Report. With respect to the objection by the Defendant that Second Degree Assault Conviction reflected and described in paragraphs 80-92 of the Presentence Report was not a predicate offense to support the Defendant's career offender status, the Court disagrees. The Defendant claims he recalls that the Second Degree Assault charge in Montgomery County State Court in Maryland was in his words "dropped." The Court finds this to be a bald allegation. The Court examined the judgment and paperwork which the probation officer submitted to the Court at the sentencing, reviewed the facts and circumstances of the offense described in the presentence report as lifted from the charging documents and concludes that the Defendant was convicted of the Second Degree Assault and such offense is a crime involving physical force and violence and is a predicate offense to support his status as a career offender.

The Court also determines that $7630 has been adequately supported as representing the funeral bill in connection with the decedent-victim. The Court, therefore, assesses $7630 as restitution to be paid immediately to the family of the victim-decedent.

# III

Finally, the Court has considered the important need to deter others (general deterrence) which is great in this case, as well as the need to deter the Defendant (special deterrence) which is also great considering the Defendant's terrible criminal record. The Court has also considered the need to avoid disparity in sentencing and recognizes that one additional defendant who has yet to be tried has an even greater exposure that the Defendant. The court further has taken into consideration the need to protect the community and society from further vicious acts by this Defendant and that there was a victim murdered in the case and at least two other were victims of attempted murder. Yet the Court has considered other sentences for those charged in this case and has also considered other sentences it has issued over the past several years for somewhat similar conduct and recognizes the need to attempt to avoid disparities in sentencing.

At the end of the day, the Court must sentence a defendant to a sentence sufficient but not greater than necessary. The Court has considered all of the factors under section §3553 and believes that it is appropriate here to sentence the defendant to 720 months which is less than life but what the Court believes is sufficient and not more than necessary. The Court will issue a JUDGMENT which is consistent with its findings and conclusions.

February 14, 2011                                              _____/s/_____
   (Date)                                                              ALEXANDER WILLIAMS, JR.
                                                                            United States District Judge