**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

|                                |     |                        |
|--------------------------------|-----|------------------------|
|                                | *   |                        |
| **ERICK ROMAN,**               | *   |                        |
| **Petitioner,**                | *   |                        |
|                                | *   |                        |
| **v.**                         | *   | **Crim. No. AW-09-598** |
|                                | *   | **Civil No. AW-12-1234** |
| **UNITED STATES OF AMERICA,**  | *   |                        |
| **Respondent.**                | *   | **Under Seal**         |
|                                | *   |                        |
|                                | *   |                        |

*************************************************************************

**MEMORANDUM OPINION**

**I. BACKGROUND**

Before the Court is a Motion/Petition to Vacate filed by Petitioner/Defendant Erick Roman for relief pursuant to 18 U.S.C. § 2255. On November 18, 2009, Mr. Roman was charged in a one-count Indictment with conspiracy to participate in a racketeering enterprise in violation of 18 U.S.C. § 1962(d). *See* Docket No. 1. Mr. Roman pled guilty to knowingly and intentionally conspiring to conduct and participate in the affairs of the violent gang called the Latin Kings, an enterprise engaged in interstate commerce. *See* Exhibit A (plea agreement); Exhibit B (transcript of Rule 11 hearing). On September 14, 2010, Mr. Roman signed a written plea agreement after a lengthy colloquy with the Court.

Mr. Roman's plea agreement was a cooperation agreement. However, Mr. Roman refused to cooperate, thereby forfeiting the possibility of a lower sentence if the Government had decided that the Petitioner had provided substantial assistance. Mr. Roman confirmed in the plea agreement that he understood that no one could make a prediction concerning his sentence and that the Court had the power to impose any sentence up to the statutory maximum. Exhibit A, ¶ 13. By signing the agreement, Mr. Roman certified that he read the agreement thoroughly and had reviewed it extensively with his counsel. *Id.* at 8. After signing the plea agreement, Mr. Roman attempted to withdraw his guilty plea and, on January 31, 2011, the Court held a hearing regarding this request. Exhibit C. The Court found that there was no basis to permit Mr. Roman to withdraw his plea because there was no credible evidence to show that Mr. Roman's plea was not knowing and voluntary. Exhibit C, p. 28. Accordingly, the Court denied Mr. Roman's request to withdraw his plea. *Id.* at 30-31. A presentence report was ordered.

On February 14, 2011, the Court sentenced Mr. Roman to 720-months' incarceration, which was within the sentencing guidelines for the predicate RICO acts that the Petitioner committed, including murder, three attempted murders, and robbery. Exhibit B, pp.18-19; Exhibit D (transcript of sentencing), p.25; Exhibit E (transcript of bench conference during sentence hearing). On February 15, 2011, Mr. Roman filed an appeal that was dismissed in part and affirmed in part by the Fourth Circuit on January 5, 2012. First, the Fourth Circuit dismissed Mr. Roman's appeal, finding that the district court did not abuse its discretion in denying Mr. Roman's motion to withdraw his guilty plea. Next, the Fourth Circuit affirmed the district court's judgment. *See United States v. Roman*, 461 F. App'x 202 (4th Cir. 2012).

The present § 2255 motion was filed on April 23, 2012. In support of his motion, Petitioner asserts that he was denied the assistance of effective counsel in the negotiation of his plea. Motion, p. 5. First, Petitioner makes a competency claim alleging that he was tried and convicted while mentally incompetent to enter a plea. *Id*. at 6. Additionally, Petitioner claims that his counsel was well aware of his lifelong history of mental illness and refused to test his competency before he decided to enter a plea. *Id*. Mr. Roman further asserts that his mental illness was so obvious that the Court should have raised it as an issue sua sponte. *Id*. The Government has filed a Response to Petitioner's Motion to Vacate. Doc. No. 670. Despite having been given repeated opportunities to file a Reply, Petitioner has failed to do so.

## II. ANALYSIS

With respect to Petitioner's claims of ineffective counsel, the Court will review the allegations under the two-prong standard established in *Strickland v. Washington*. In order to prevail, Petitioner must show that his counsel's performance was deficient and that it prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, to prove deficiency, Petitioner must show that the counsel's performance and representation "fell below an objective standard of reasonableness," as measured by prevailing professional norms. *Id*. at 688. Second, Petitioner must demonstrate that counsel's inadequate performance prejudiced him. *Id*. at 687. Here, "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. The *Strickland* standard also states that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Where the Petitioner's claim of ineffective assistance of counsel follows his guilty plea,

he has an even higher burden to meet. The Fourth Circuit describes this burden in *Hooper v.*

*Garraghty*:

> When a defendant challenges a conviction entered after a guilty plea, (the) "prejudice"
> prong of the test is slightly modified. Such a defendant "must show that there is a
> reasonable probability that, but for counsel's errors, he would not have pleaded guilty and
> would have insisted going to trial."

845 F.2d 471, 475 (4th Cir. 1988) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

When evaluating post-guilty plea claims of ineffective assistance, defendants are usually

bound to statements made under oath during a plea colloquy. *Fields v. Attorney Gen. State of*

*Md.*, 956 F. 2d 1290, 1299 (4th Cir.1992). "[I]n the absence of extraordinary circumstances, the

truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a

district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that

necessarily relies on allegations that contradict the sworn statements." *United States v. Lemaster*,

403 F.3d 216, 222 (2005). The Petitioner has not given any clear evidence that suggests that the

statements he made during his Rule 11 colloquy, claiming that he was in good mental health,

were dishonest or involuntary and, therefore, he should be bound by those statements.

Even if Petitioner were not bound by previous statements made in open court, his

argument still fails under the *Strickland* analysis. There is no evidence that Petitioner is

incompetent. In fact, both Petitioner and his counsel agreed that Petitioner mentally was "in good

shape" when he entered his plea. Exhibit B, pp. 6,8. There is no evidence to support Petitioner's

claim that his counsel was ineffective due to failure to require a mental health evaluation prior to

signing the plea agreement. The Court previously concluded that Petitioner had the close

assistance of competent counsel. The Court acknowledged Petitioner's history of depression and bipolar disorder but confirmed with Petitioner that this background did not affect his ability to understand the charges and his decision to enter a plea. *See* Exhibit C, p. 28.

In the plea agreement, Petitioner expressly acknowledged that he understood the agreement and confirmed that he was agreeing to it voluntarily. Petitioner also claimed to be completely satisfied with the representation of his attorney. Exhibit B, p. 29-31. Petitioners' attorney also certified that he had explained and reviewed the agreement in its entirety with the Petitioner by signing the agreement. After the Petitioner signed the agreement, the Court conducted a lengthy Rule 11 proceeding to ensure that Mr. Roman understood the terms of the plea agreement. *See* Exhibit B. Mr. Roman testified concerning his ability to read and write, his sound mental health, and his understanding of the plea agreement's guidelines. *Id*. at 5.

During the Rule 11 proceeding, the Court inquired about whether Mr. Roman was satisfied with his counsel's representation. Mr. Roman indicated that he had no complaints about his representation and that he was satisfied with the legal service provided to him. Exhibit B, p. 29-31. The Court also engaged in a lengthy discussion concerning sentencing to make sure that Petitioner was clear on the sentencing guidelines and protocol. *Id*. at 20-21. Under these circumstances, there was no reason for the counsel to request a competency evaluation. In order for Petitioner to show deficiency in his representation, there would need to be some showing that his counsel's representation fell below the objective standard of reasonableness. Failing to request an unnecessary evaluation does not meet such a requirement. Furthermore, Petitioner does not even argue that the failure to get a mental health evaluation prejudiced his defense, the second required prong established in the *Strickland* standard.

On January 31, 2011, Petitioner moved to withdraw his guilty plea. During the hearing the Government called Mr. Trainor (Mr. Roman's former counsel) as a witness. Exhibit C, pp. 12-26. Mr. Trainor was questioned by the Government's counsel, Petitioner's current counsel, and the Court and discussed his representation of Petitioner. Mr. Trainor confirmed his legal experience and the extent to which he communicated with Petitioner. Trainor estimated that he met with Petitioner nearly 17 times. Trainor also claimed that he made frequent calls to Petitioner. *Id*. 17, 19. The Court does not believe that the reasons raised by Petitioner are sufficient to reach the standard set forth in *Strickland*.

In sum, the Court has reviewed the current pleadings and the entire file relative to the present motion, as well as the underlying criminal case. The Court cannot find, on this record, that Petitioner's counsel committed any errors or deficiencies. Nor can the Court conclude that, as a result of any alleged error, Petitioner has suffered any prejudice. The Court concludes that Petitioner has failed to demonstrate a legal and cognizable basis for relief. Accordingly, Petitioner's motion pursuant to §2255 is DENIED.

## A Certificate of Appealability

There is no absolute entitlement to appeal a district court's denial of a Motion under § 2255. *See* 28 U.S.C. § 2353(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To meet this burden, an applicant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (some internal quotation marks omitted)

(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  It is the Court's view that Petitioner has raised no arguments which cause this Court to view the issues as debatable, or find that the issues could have been resolved differently, or to conclude that the issues raise questions which warrant further review. Accordingly, the Court denies a Certificate of Appealability.

A separate Order will be issued.


July 15, 2013
Date

/s/
Alexander Williams, Jr.
United States District Judge